IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST TARASOVSKY,

    Plaintiff,

    v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

No. C 17-03464 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE**

## INTRODUCTION

In this ERISA action, plaintiff seeks interest on payment benefits and consequential damages for breach of trust and breach of fiduciary duties. Defendant moves to transfer venue. For the reasons herein, the motion is **GRANTED**.

## STATEMENT

Plaintiff Ernest Tarasovsky was and is a qualified participant in, and a beneficiary of, a group insurance plan with his former employer, Stratify. The group plan is administered by defendant, Guardian Life Insurance. In March 2010, Tarasovsky submitted a claim for long-term benefits, which Guardian denied. In July 2011, Tarasovsky filed suit, seeking short-term disability benefits and long term disability benefits under the "own occupation" standard in the group policy. In May 2013, this court awarded Tarasovsky benefits under the "own occupation" standard and remanded to Guardian the issue of whether Tarasovsky was eligible for additional benefits under the "any occupation" standard of the policy.

Following this court's remand, Guardian denied Tarasovsky's claim. Tarasovsky appealed, disputing Guardian's reliance on a functional capacity examination and a form completed by Dr. Arnold Criscitiello in its decision to deny Tarasovsky additional benefits. In May 2016, Tarasovsky's counsel sent Guardian a letter and attached declaration signed by Dr. Criscitiello in which he stated that his medical opinion was different than what Guardian had interpreted. In August 2016, Guardian reversed its decision and granted benefits to Tarasovsky. Over a month later, Guardian paid out the benefits to Tarasovsky in the form of a check for the amount of benefits which had accrued since the February 2012 date of qualification. The payment did not include interest (Dkt. No. 1 ¶¶ 2–21; Dkt. No. 13-1 at 5–7).

Tarasovsky filed the instant action in June 2017, alleging claims under 29 U.S.C. 1132(a)(1)(B) and 1132(a)(3), for which he seeks interest on the benefits which he alleges were wrongfully withheld, and consequential damages for breach of trust and breach of fiduciary duties (Dkt. No. 1). In August, defendant filed a motion to transfer to the United States District Court for the District of New Jersey (Dkt. No. 13). This order follows full briefing and oral argument.

**ANALYSIS**

Defendant argues that, pursuant to Section 1404(a), this action should be transferred to the United States District Court for the District of New Jersey. For the reasons below, this order agrees.

1. **LEGAL STANDARD.**

Section 1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought" if such a transfer is convenient to the parties and witnesses. The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Our circuit has identified several factors a court may consider when determining whether a Section 1404(a) change of venue should be granted:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law;

2

> (3) the plaintiff's choice of forum; (4) the respective parties'
> contacts with the forum; (5) the contacts relating to the plaintiff's
> cause of action in the chosen forum; (6) the differences in the costs
> of litigation in the two forums; (7) the availability of compulsory
> process to compel attendance of unwilling non-party witnesses;
> and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citations omitted). A district court has discretion to conduct "individualized, case-by-case consideration of convenience and fairness" when weighing the various factors. *See Van Dusen*, 376 U.S. at 622. This order will now consider each *Jones* factor.

### 2. CONVENIENCE AND FAIRNESS FACTORS SUPPORT TRANSFER.

Given the unique circumstances here, and after weighing the *Jones* factors, this order finds that convenience and fairness dictate that the instant action be transferred to the District of New Jersey.

*First*, all of the events occurred outside this district. At all times during the "any occupation" benefit period, Tarasovsky lived outside of California, which he does not dispute. Guardian initially mailed to Tarasovsky's New Jersey residence a letter denying him the "any occupation" benefits in March 2015, which Tarasovsky alleges was based on a faulty functional capacity evaluation (FCE) and a form completed by Dr. Criscitiello and misinterpreted by Guardian. Upon reversing its decision to deny him these benefits, Guardian then paid out the claim to Tarasovsky while he was living in New Jersey. Tarasovsky lived in New Jersey at the time of his FCE, conducted by a New Jersey company, and Dr. Criscitiello treated Tarasovsky and issued his opinion as to Tarasovsky's physical limitations at his office in New Jersey (Dkt. No 13-1 at 8–10).

Tarasovsky argues that transfer should be denied because he became disabled in this district, and because this is where "the underlying plan is administered" (Dkt. No. 18 at 5). Tarasovsky confuses the events at issue with his previous lawsuit before this court. The event which led to him being disabled has nothing to do with the present action. Moreover, the plan is not administered in this district, and apparently hasn't been since 2013; it is administered in Bethlehem, Pennsylvania (Dkt. No. 22 at 6). This factor favors Guardian.

3

*Second*, this action involves a federal law, and neither forum is more familiar than the other with the governing law. Therefore, this factor favors neither party.

*Third,* deference should be given to Tarasovsky's choice of forum, *Jones*, 211 F.3d at 498–99, and the burden placed on Guardian to justify the transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). This factor favors Tarasovsky, but for reasons this order will continue to discuss, a transfer will ultimately result in a forum more convenient for all parties and better serve the interests of justice.

*Fourth*, neither party has much, if any, contact with this forum. Tarasovsky lives in New Jersey and has not lived in this district for roughly six years, and although Guardian does business here, it is headquartered in New York City. Furthermore, Tarasovsky has failed to show that he has any contacts, apart from his counsel, with this forum. This factor favors Guardian.

*Fifth*, there are no contacts relating to Tarasovsky's claims in this forum. From the time of the earlier remand to have Guardian investigate and determine whether he was eligible for the "any occupation" benefits, Tarasovsky has lived outside of this district, and his doctor, FCE provider, and accountant all live in New Jersey. This factor favors Guardian.

The *sixth, seventh,* and *eighth Jones* factors are related. To the extent this action will be decided upon the administrative record, there is no burden in making the record available to a New Jersey forum. As for witnesses, Tarasovsky has indicated that he may wish to testify; doing so in a New Jersey forum would not be inconvenient to him as he lives there. Guardian's witnesses include Dr. Criscitiello, as well as Tarasovsky's FCE provider and accountant. These witnesses could not be compelled to testify in this district, and the cost of travel would be far greater than if they testified in a New Jersey forum. Guardian argues that their testimony is important to combat the allegations that it breached its fiduciary duties by misinterpreting the opinion of Dr. Criscitiello, that it obtained a faulty FCE, and that as a result Tarasovsky suffered "consequential financial losses" (Dkt. No. 13-1 at 6; Dkt. No. 1 at 7). This order agrees. All witnesses reside in New Jersey, therefore this factor also favors Guardian.

**CONCLUSION**

For the reasons stated above, defendant's motion to change venue is **GRANTED**. The clerk shall transfer this action to the United States District Court for the District of New Jersey.

**IT IS SO ORDERED.**

Dated: November 15, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE